# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07-cr-54-1 |
| v. ) | |
| ) | Judge Collier/Steger |
| LENDELL DAVIS ) | |

## MEMORANDUM AND ORDER

LENDELL DAVIS ("Defendant") came before the Court for an initial appearance on September 1, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Gianna Maio of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA T.C. Makaya explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a preliminary hearing and a detention hearing.

The Court conducted the preliminary hearing and detention hearing on September 6, 2017. Defendant was represented by Gianna Maio at this hearing, and the Government was represented by Chris Poole. The Government relied upon the testimony of Supervising United States Probation Officer Kevin Matherly as well as the sworn Petition executed by Officer Matherly which includes a recitation of the various violations of conditions of supervision committed by Defendant (*i.e.*, possession of a controlled substance; excessive use of alcohol and purchasing, possessing, and using controlled substances not prescribed by a physician; failure to participate in a program of testing and treatment for drug and/or alcohol abuse as directed by the

probation officer; commission of another federal, state or local crime; failure to notify the probation officer within 72 hours of being arrested by a law enforcement officer; failure to permit a probation officer to visit at any time at home or elsewhere; failure to notify the probation officer at least 10 days prior to any change in residence or employment).  Defendant's counsel, Gianna Maio, proffered evidence on behalf of Defendant.  Counsel for both sides were given an opportunity to argue for and against detention.

The undersigned finds that Defendant tested positive for marijuana and cocaine, and that he admitted use of those substances.  Thereafter, Defendant failed to report for scheduled drug screens.  Defendant was arrested in January 2017 for aggravated burglary and did not notify his probation officer of this arrest.  The last personal contact that the probation officer had with Defendant was in November 2016.  The probation officer made multiple attempts to contact Defendant through home visits and telephone calls after that time, but was unable to reach him.  Defendant did not return such calls or respond to cards left at his residence.  Consequently, the Court finds that Defendant absconded from supervised release.

The Court finds that the evidence establishes probable cause to believe that Defendant has committed violations of his conditions of supervised release.  The Court does not find that Defendant poses a danger to any other person or to the community; however, the Court finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he is not a flight risk.  Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The government's motion that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is **GRANTED**.

2. Defendant shall appear for a revocation hearing before United States District Judge Collier on **November 1, 2017 at 2:00 p.m.**

3. The United States Marshal shall transport Defendant to the revocation hearing before Judge Collier at the aforementioned date and time**.**

**ENTER.**

*/s/Christopher H. Steger*
United States Magistrate Judge