UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07-cr-54-001 |
| v. ) | |
| ) | Judge Collier/Steger |
| LENDELL DAVIS ) | |

## AMENDED MEMORANDUM AND ORDER

LENDELL DAVIS ("Defendant") came before the Court for an initial appearance on August 8, 2019, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Amended Petition for Warrant for Offender under Supervision ("Petition") [Doc. 67].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Chris Lanier to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Perry Piper explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a preliminary and detention hearing. The Court scheduled the hearings on August 13, 2019, at 10:30 a.m.

The undersigned conducted a preliminary hearing and detention hearing at the scheduled time on Tuesday, August 13, 2019. The Government was represented by AUSA Chris Poole. Defendant was represented by Attorney Chris Lanier. The Government relied upon the allegations in the Petition [Doc. 67] and the testimony of U.S. Probation Officer Courtney Hambel. The Petition includes a recitation of the violations of conditions of supervision committed by Defendant, *to wit*, Defendant must not illegally possess a controlled substance; Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside

within 72 hours of release from imprisonment unless the probation officer instructs Defendant to report to a different probation office or within a different time frame; Defendant must work full time at lawful employment unless the probation officer excuses him from doing so. If Defendant does not have a full-time employment, he must try to find full-time employment unless the probation officer excuses him from doing so; Defendant must not communicate or interact with someone he knows is engaged in criminal activity; Defendant shall participate in a program of testing and treatment for drug/or alcohol abuse as directed by the probation officer until such time as Defendant is released from the program by the probation officer; Defendant shall not commit another federal, state or local crime.

The Petition further sets forth a summary of facts, which facts were testified to by USPO Hambel. In summary, Defendant tested positive for some combination of cocaine, marijuana and/or methamphetamine on three separate occasions; he failed to show up for mandatory drug tests on two occasions; he did not obtain employment; and, while on federal supervision, he was convicted of a state felony charge of criminal responsibility for facilitation of a felony (arising out of the robbery of a Boost Mobile store).

The Court finds that the evidence establishes that probable cause exists to support the various violations of conditions of supervised release specified in the Petition [Doc.67]. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant violated the conditions of supervised release. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community or that he is not a risk of flight. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The evidence establishes that probable cause exists to support the violations of supervised release specified in the Petition [Doc. 67].

2. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

3. The United States Marshal's service shall make arrangements for Defendant to be transported to appear before United States District Judge Curtis Collier on **October 9, 2019, at 2:00 p.m.** for a revocation hearing.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE